UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

GARY L. KATSANIS,

         Plaintiff,

    -vs-              07-CV-696C

BLUE CROSS AND BLUE SHIELD ASSOCIATION,

         Defendant.

---

APPEARANCES: CHIACCHIA & FLEMING (CHRISTEN ARCHER PIERROT, ESQ., of Counsel), Hamburg, New York, for Plaintiff.

         SEYFATH SHAW LLP (JOHN T. MURRAY, ESQ., of Counsel), Atlanta, Georgia, for Defedant.

## BACKGROUND

This is an action, brought pursuant to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, *et seq.*, in which plaintiff seeks benefits under the long-term disability plan of his former employer, Excellus Health Plan, a nonprofit independent licensee of defendant Blue Cross and Blue Shield Association ("BCBSA"), the plan sponsor and administrator. In a Decision and Order filed January 8, 2010 (Item 36), this court determined that certain documents, provided to Excellus in 2001 and containing all the terms and provisions of the disability plan, constituted the "plan documents" for purposes of ERISA despite the fact that the documents were not formally executed until January 3, 2003. Plaintiff had argued that the documents proffered by the defendant did not exist at the time plaintiff became disabled and eligible for benefits in 2002, and that defendant

relied solely on a "matrix" document, or summary, which failed to reserve discretionary authority in the administrator. The court rejected that argument, reviewed all the documents, and found that they reserved in the administrator the discretionary authority to determine eligibility for benefits. Accordingly, the court found that the administrator's decision should be subjected to deferential review.

## DISCUSSION

Plaintiff seeks the court's certification of an interlocutory appeal of the determination of the standard of review, pursuant to 28 U.S.C. § 1292(b). A district court may certify an order for interlocutory appeal where the matter "involves a controlling question of law as to which there is substantial ground for difference of opinion and . .. an immediate appeal from the order may materially advance the ultimate termination of the litigation . . . ." 28 U.S.C. § 1292(b); *In re South African Apartheid Litig.*, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009). Appeal is limited to those instances "when the movant demonstrates the existence of 'exceptional circumstances' sufficient to overcome the 'general aversion to piecemeal litigation . . . .'" *In re South African Apartheid*, 624 F. Supp. 2d at 339 (citations omitted). Furthermore, district court judges have "independent and 'unreviewable' authority to deny certification permitting interloucutory appeal even where the three statutory criteria are met." *National Asbestos Workers Medical Fund v. Phillip Morris*, *Inc.,* 71 F.Supp.2d 139, 146 (E.D.N.Y. 1999). The court will only grant certification, then, if the statutory criteria are met and the court believes that immediate appeal would best foster a simultaneously effective and efficient judiciary. *Pearson Educ., Inc. v. Liu*, 2010 WL 623470, *1 (S.D.N.Y. February 22, 2010).

In determining whether a controlling question of law exists, the district court should consider the following factors: whether 1) reversal of the district court's opinion could result in dismissal of the action; 2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action; or 3) the certified issue has precedential value for a large number of cases. *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001) (citing *Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24-25 (2d Cir. 1990)). Section 1292(b)'s requirement that there be a "substantial ground for a difference of opinion" may be met where there is "substantial doubt that the district court's order was incorrect," *Redhead v. Conf. of Seventh-Day Adventists*, 2006 WL 2729035, *2 (E.D.N.Y. September 25, 2006) (citation omitted); where "'there is conflicting authority on the issue;'" or where the issue "'is particularly difficult and of first impression for the Second Circuit.'" *Aspen Ford, Inc. v. Ford Motor Co.*, 2008 WL 163695, *2 (E.D.N.Y. January 15, 2008) (quoting *Morris v. Flaig*, 511 F. Supp. 2d 282, 317 (E.D.N.Y. 2007)). However, "[a] mere claim that a district court's decision was incorrect does not suffice to establish substantial ground for a difference of opinion . . . ." *Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Americas*, 426 F. Supp. 2d 125, 126 (S.D.N.Y. 2005) (citation omitted). Finally, the moving party must satisfy the third prong by demonstrating that the "appeal promises to advance the time for trial or to shorten the time required for trial.'" *Transp. Workers Union of Am., Local 100, AFL-CIO v. New York City Transit Auth.,* 358 F. Supp. 2d 347, 350 (S.D.N.Y. 2005) (quoting *In re Oxford Health Plans, Inc.*, 182 F.R.D. 51, 53 (S.D .N.Y. 1998)). This last factor is particularly important. *Consub Delaware LLC v. Schahin Engenharia Limitada,* 476 F. Supp. 2d 305, 310

(S.D.N.Y. 2007), *aff'd,* 543 F.3d 104 (2d Cir. 2008) (citing *Koehler v. Bank of Bermuda, Ltd.*, 101 F.3d 863, 865-66 (2d Cir. 1996) ("The use of § 1292(b) is reserved for those cases where an intermediate appeal may avoid protracted litigation."); and *Lerner v. Millenco, L.P.,* 23 F. Supp. 2d 345, 347 (S.D.N.Y.1998) ("The Court of Appeals has emphasized the importance of the third consideration in determining the propriety of an interlocutory appeal . . . .")

Plaintiff has not satisfied the criteria for the certification of an interlocutory appeal. First, the question is not a controlling question of law, as reversal of this court's decision on the standard of review would not result in dismissal of the action, and it is unlikely that the issue would have precedential value for a large number of cases. Additionally, reversal of the court's decision on the standard of review would not significantly affect the conduct of the action. The parties will continue the litigation in this court by briefing the benefits denial on a motion for summary judgment. This court must review the decision to deny benefits under either standard of review, and regardless of the outcome, another appeal is likely. Furthermore, the issue for appeal is not one upon which there is a substantial ground for dispute. The court was asked to determine the plan documents and apply settled law regarding the applicable standard of review. Finally, an interlocutory appeal will not advance the time for trial or shorten the time required for trial. Any decision on the merits will be delayed by an appeal of the standard of review. The ultimate disposition of the case will most efficiently be achieved if the parties address the merits now, rather than after an interlocutory appeal, as an additional appeal is likely.

## CONCLUSION

Plaintiff's motion for certification of an interlocutory appeal is denied. A telephone conference shall be held on June 10, 2010 at 10:30 a.m. to set a further schedule.

So ordered.

\s\ John T. Curtin
JOHN T. CURTIN
United States District Judge

Dated: May 26, 2010
p:\opinions\07-696.may1710